UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P3-R

**THOMAS MITCHELL** *et al.* **PLAINTIFFS**

**v.**

**STEVE BESHEAR** *et al.* **DEFENDANTS**

**MEMORANDUM AND ORDER**

Thirty-two prisoner-Plaintiffs incarcerated at the Kentucky State Penitentiary ("KSP") filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against various state officers and employees in their individual capacities for compensatory and punitive damages. Plaintiffs' Eighth Amendment claims arise out of an incident on September 1, 2008, where, without warning and despite knowledge/belief by some KSP officers of tainting, the KSP protective-custody inmates were served and ate burritos containing human feces placed therein by a general-population inmate; became severely ill for days thereafter; received no treatment for their severe symptoms of diarrhea, vomiting, stomach cramps, headaches, chills alternating with sweats, and weakness; and received no testing for hepatitis or HIV.

This matter is before the Court on initial review under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Under § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Upon review, the Court will allow the Eighth Amendment claims to proceed against Defendants Department of Corrections ("DOC") Commissioner LaDonna Thompson, KSP Warden Tom Simpson, Deputy Warden Alan Brown, Captain Terry Henderson, Lieutenant Samuel Fletcher, Dr. Steve Hiland, Nurse Chanin Hiland, Dieticians Peek and Wallace,[1] and John and Jane Does. As to the John and Jane Doe Defendants, the Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] Although not listed in the parties section of the complaint, Plaintiff specifically advises that Dieticians Peek and Wallace are "also defendants in this action" in the body of the complaint. Plaintiff also mentions various other officers at KSP (Officers Myrick, Noel, and Watson; Lieutenant Beavers; Senior Captain Lamb; Captain Harris; Deputy Warden Howard; and Jerry Long) in the body of the complaint but does not identify them as defendants. The Court, therefore, does not consider them to be parties to this action.

2

>specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

Because the Court was required to screen the complaint prior to service, the Court will count the 120 days from the date of this Order. Accordingly, Plaintiffs have 120 days from the date of this Order within which to move to amend their complaint to name specific Defendants or show good cause for their failure to do so. Plaintiffs are put on notice that their failure to meet the requirements of the Federal Rules of Civil Procedure could result in dismissal of this action as to the Jane and John Doe Defendants.

As to Defendants Governor Steve Beshear, Secretary Michael Brown of the Justice & Public Safety Cabinet, and DOC Director of Operations James Erwin, "[r]espondeat superior[2] is not a proper basis for liability under § 1983," *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006), "[n]or can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). As Plaintiffs fail

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

to demonstrate any active unconstitutional behavior committed by Defendants Beshear, Michael Brown, or Erwin,

**IT IS ORDERED** that all claims against those three Defendants are **DISMISSED**. The Clerk of Court is **DIRECTED to terminate Defendants Beshear, Michael Brown, and Erwin** from the instant action.

A separate Scheduling Order will be entered governing the development of the continuing Eighth Amendment claims.

Date:

cc:      Plaintiffs, *pro se*
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
         Defendants
4413.005